# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **ELIZABETH BROWNER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**HEIDI RUTLEDGE,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00123-TES** |

## ORDER

Pro se Plaintiff Elizabeth Browner commenced this civil action on August 4, 2025 by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. *See* [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must screen her Complaint. *See* 28 U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305,

or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants her IFP status.

## FRIVOLITY REVIEW

### A.  Legal Standard

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review her pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and

---

1306 n.1 (11th Cir. 2004).

legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.*

"To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B. <u>Plaintiff's Complaint</u>

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)). In her Complaint, Plaintiff seeks relief for alleged violations of 42 U.S.C. §§ 1983 and 1985 as well as 18 U.S.C. §§ 1961-1968 "to address Defendants' coordinated legal harassment, false accusations, and violations of Plaintiff's rights." [Doc. 1, p. 1]. Plaintiff claims generally

that several officers affiliated with the Winder Police Department as well as several non-officer individuals have acted in concert to harass and intimidate her by, among other actions, "filing false reports, manipulating law enforcement, misusing the judicial process, and coordinated harassment." [Doc. 1, p. 4].

However, Plaintiff's Complaint is replete with maladies that make it difficult to decipher. To begin, it appears that Plaintiff has lumped each of the Defendants, including officers of the Winder Police Department as well as individuals with no professional affiliation with law enforcement, together under each claim. However, to maintain a cause of action under § 1983, the conduct complained of must have been committed by a person acting under color of state law and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (1990). This well-established principle of law defeats Plaintiff's claims under § 1983 against Defendants Heidi Rutledge, Olivia Hobbs, Natasha Gresham, and Crystal Martinez Jackett as they are individuals who have not acted under color of state law. As such, the Court **DISMISSES** any such claim under § 1983 against Defendants Rutledge, Hobbs, Gresham, and Jackett.

Additionally, a reading of Count I of Plaintiff's Complaint indicates that Plaintiff intends to levy a claim against the officers from the Winder Police Department as well as the Winder Police Department itself under § 1983 due to "Plaintiff's arrest without probable cause and [deprivation] of due process protections guaranteed under the

5

Fourth and Fourteenth Amendments." [Doc. 1, p. 3]. Count II likewise alleges a violation of § 1983 under a theory of retaliation and conspiracy. [*Id.*]. However, as currently written, Plaintiff's Complaint lacks sufficient factual allegations to support a claim under § 1983. In fact, Plaintiff fails to allege a single fact under Count I of her Complaint. Even with the most generous reading of Plaintiff's Complaint, the Court cannot construe Plaintiff's factual allegations as sufficient to state a claim under applicable federal law.

Similarly, it appears that Plaintiff seeks to bring forth a claim under 42 U.S.C. § 1985 under Count III of her Complaint. Plaintiff, however, again failed to provide a sufficient factual basis to support a claim under 42 U.S.C. § 1985. It is unclear which Defendants Plaintiff even intended to include under this claim. Plaintiff has alleged no details concerning the conspiracy, including whether Defendants had an "agreement between the members of the alleged conspiracy" as required by law. *Evans v. Ga. Peace Officer Stds. & Training Council*, No. Civ.A.1:05CV2579-RLV, 2006 WL 870335, at *4 (N.D. Ga. March 29, 2006). Again, the Court cannot take the leap of construing Plaintiff's bare factual allegations as sufficient to state a claim.

Finally, Title 18 is a federal criminal statute which does not create civil liability or a private right of action. *Laster v. CareConnect Health, Inc.*, 852 F. App'x 476, 477 (2021). Thus, private parties may not maintain suit under most provisions of Title 18. *Id.* Therefore, Plaintiff may not bring a cause of action against any Defendant under 18

U.S.C. §§ 1961–68 or any other section falling under Title 18. As such, the Court **DISMISSES** Plaintiff's claims under 18 U.S.C. §§ 1961–68.

In order to determine whether Plaintiff's claims under 42 U.S.C. § 1985 and § 1983 *as to the officer Defendants and Winder Police Department only* is meritorious, she must recast her Complaint to provide a more sufficient factual basis for her claims. As explained in more detail below, Plaintiff must include specific factual allegations as to how and when her rights under 42 U.S.C. § 1983 and § 1985 were purportedly violated as alleged in Counts I, II, and III of her Complaint.

### C. Order to Recast

If Plaintiff wishes to proceed with this action, the Court **ORDERS** Plaintiff to recast her Complaint within **21 DAYS of the date of this Order**. When drafting her Recast Complaint, Plaintiff must list, preferably in numbered paragraphs, responses to the following questions (to the extent possible) along with the name of each Defendant:

(1) What did each Defendant do (or not do) to violate your rights? In other words: What was the extent of each Defendant's authority or role in the allegedly prohibited conduct? Was that Defendant personally involved in the alleged violation? If not, did that Defendant's actions otherwise cause the alleged violation? How do you know?

(2) When and where did each violation occur (to the extent memory allows)?

(3) How were you harmed as a result of each Defendant's actions or decisions?

(4) How and when did each Defendant learn of the purported violation?

(5) What did each Defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from each Defendant?

Plaintiff should state her claims as simply as possible and need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8. When submitted for filing, Plaintiff's Recast Complaint must show this case number: **3:25-cv-00123-TES**. Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

### E.    Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Once Plaintiff files her Recast Complaint—with respect to Counts I, II, and III of her Complaint, only—the Court will review her pleading to determine whether it is frivolous pursuant to 28 U.S.C. §1915(e).

**SO ORDERED**, this 12th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**