# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **ELIZABETH BROWNER,** *Plaintiff,* v. **HEIDI RUTLEDGE,** *et al.*, *Defendants.* | **CIVIL ACTION NO. 3:25-cv-00123-TES** |

## ORDER

In her Recast Complaint [Doc. 8], pro se Plaintiff Elizabeth Browner brings several claims against numerous Defendants, including the Athens-Clarke County Police Department; Chief Jim Fullington, individually and in his official capacity as Chief of Police; Detective Wayne Mantes, individually and in his official capacity; Corporal Hunter Cureington, individually and in his official capacity; Officer Jhalin Bruce, individually and in his official capacity; the City of Winder, Georgia; Olivia Hobbs, individually; Natasha Gresham, individually; Heidi Rutledge, individually; Crystal Martinez Jackett, individually; and Constance Stephens, individually. Plaintiff's claims primarily concern what she characterizes as the "harassment, baseless protective orders, and intimidation . . . [stemming] from Olivia Hobbs's animus toward Plaintiff's spiritual beliefs and family connection . . ." [Doc. 8, p. 3]. Plaintiff believes that "this discriminatory bias and conspiracy underpin the federal civil rights, due process, and

religious freedom violations" alleged in her Recast Complaint. [*Id.*]. The Court previously granted Plaintiff leave to proceed in forma pauperis but directed her to file a recast complaint to allow the Court to properly review her pleading under 28 U.S.C. § 1915(e). *See* [Doc. 5]. Plaintiff filed her Recast Complaint on August 26, 2025.[1] Taking Plaintiff's Recast Complaint under review, the Court may now review the pleading according to § 1915(e).

## FRIVOLITY REVIEW

### A. Legal Standards

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review her pleading to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to

---

[1] Plaintiff filed an additional Amended Complaint on September 9, 2025. *See* [Doc. 12]. It appears that Plaintiff's Amended Complaint [Doc. 12] centers around the same factual circumstances and lists the same defendants as her previous Recast Complaint with the addition of several officers from the Athens-Clarke County Police Department now included as defendants. For the same reasons explained in more detail below, Plaintiff's claims against the "new" defendants are ineffectual and do not state a claim upon which relief can be granted. In short, Plaintiff's latest efforts to amend her Recast Complaint are futile.

2

encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

3

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B. <u>Plaintiff's Complaint</u>

To begin, the Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal ones drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Plaintiff brings this action under 42 U.S.C. § 1983 to "redress violations of her constitutional rights, including due process, equal protection and First Amendment rights, caused by defendants acting under color of state law" as well as § 1985 and the Religious Freedom Restoration Act ("RFRA") "against private defendants who conspired with state actors to deprive her of her federally protected rights, including the free exercise of religion." [Doc. 8, p. 2]. According to Plaintiff's Recast Complaint, "Defendants' coordinated and

4

repeated actions caused Plaintiff to suffer emotional distress, interference with family integrity, violation of parental rights, harassment, unlawful detention, and ongoing threats." [*Id.*].

Here, relying on § 1983, Plaintiff asserts individual and official capacity claims against Winder Police Department Officers Jim Fullington, Wayne Mantes, Hunter Cureington, and Jhalin Bruce as well as a claim against both the City of Winder and the Athens-Clarke County Police Department. [Doc. 8, pp. 3–8]. To state a claim for relief under § 1983, Plaintiff must allege (1) that an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by <u>a person</u> acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

First, the Athens-Clarke County Police Department is not a proper defendant in this action. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). This question is, therefore, governed by Georgia law. The Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998).

The Athens-Clarke County Police Department is not a legal entity capable of

5

being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (citing *Ga. Insurers Insolvency Pool*, 368 S.E.2d at 502) ("We note that the Thomas County Jail is not an entity capable of being sued under Georgia law."); *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005). "For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity." *Gibson v. Santa Rosa Cnty. Sheriff's Off.*, No. 3:06CV388 RVEMT, 2006 WL 2927435, at *2 (N.D. Fla. Oct. 11, 2006). Since Plaintiff named the improper party, the Court **DISMISSES** the claims she asserts against the Athens-Clarke County Police Department.

With respect to Plaintiff's claims against the officer defendants in their official capacity, it is well established that such claims are barred by Eleventh Amendment immunity. *See Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003); *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1347 (11th Cir. 2003). In Georgia, as employees of the Winder Police Department, Defendants Fullington, Mantes, Cureington, and Bruce function as "arms of the state "while discharging most of their duties. *Scruggs v. Lee*, 256 F. App'x 229, 232 (11th Cir. 2007); *see also Manders*, 338 F.3d at 1328. Therefore, the Court **DISMISSES** Plaintiff's official capacity claims under § 1983 against Defendants Fullington, Mantes, Cureington, and Bruce as barred by the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders*, 338 F.3d at 1308) ("The Eleventh Amendment to the United States Constitution bars suit in federal court against an 'arm

of the state,' except where such immunity is waived by the state or abrogated by Congress."); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983 does not . . . abrogate the Eleventh Amendment immunity of the States").

Additionally, Plaintiff includes a claim under § 1983 against the City of Winder. According to Plaintiff, the City maintained a policy of automatically enforcing protective orders without investigation or verification which led to repeated violations of Plaintiff's constitutional rights. [Doc. 8, p. 7]. While municipalities are considered "persons" for purposes of § 1983, they "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, while local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," they can be held liable "when execution of a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Epps v. Watson*, 3:05-CV-68(CDL), 2006 WL 8445883, at *8 (M.D. Ga. May 25, 2006) (first citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); and then citing *Monell*, 436 U.S. at 694), *aff'd*, 492 F.3d 1240 (11th Cir. 2007) ("It is true that a local government entity may not be held liable under § 1983 solely for the acts of its employees—§ 1983 liability must be predicated upon the acts of the entity.").

However, without more, this Court does not agree that Plaintiff has alleged

sufficient facts to bring such claims against the City of Winder or officer defendants in their individual capacity. Upon review of Plaintiff's Complaint, it clearly falls into the class of "fantastic or delusional" actions which are ripe for dismissal under § 1915(e). *Neitzke*, 490 U.S. at 328. Furthermore, the liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke*, 490 at 327. Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. at 325–28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Here, Plaintiff seems to allege a conspiracy between the City of Winder, various law enforcement officials, and numerous private citizens, several of which appear to have no real connection to Plaintiff, to deprive her of her rights. In her supporting documents, Plaintiff has centered allegations around religious persecution and attempts to convince the court that a blood altar is presumably being used against her in some capacity. *See* [Doc. 9]. In reality, it appears that Plaintiff seeks to punish the City of Winder and the individual officers for simply having a policy of enforcing court-ordered TPOs which they are bound by law to do. Plaintiff has accused each Defendant of abusing the legal system, yet proceeds to do just that in her quest to pursue unactionable claims in this Court.

From what the Court can discern from Plaintiff's pleadings, her claims are predicated upon allegations that are "fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Therefore, Plaintiff fails to satisfy the minimal standards of rationality required at the preliminary screening stage and dismissal is appropriate. *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32-33). As such, Plaintiff's claims against the individual officer defendants and the City of Winder are accordingly **DISMISSED**.

Plaintiff also attempts to bring claims under § 1983 via RFRA as well as § 1985 against Defendants Olivia Hobbs, Natasha Gresham, Heidi Rutledge, Crystal Martinez, and Constance Stephens. However, as explained to Plaintiff in the Court's previous order [Doc. 5], to maintain a cause of action under § 1983, the conduct complained of must have been committed by a person acting under color of state law and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). This well-established principle of law defeats Plaintiff's claims under § 1983 against Defendants Heidi Rutledge, Olivia Hobbs, Natasha Gresham, Crystal Martinez Jackett, and Constance Stephens as they are individuals who have not acted under color of state law. As such, the Court **DISMISSES** any such claim under § 1983 against Defendants Rutledge, Hobbs, Gresham, Stephens, and Martinez.

Plaintiff's claims under § 1985 likewise fail. In order to successfully bring a claim against Defendants Hobbs, Gresham, Rutledge, Martinez, and Stephens under § 1985(3), a plaintiff must allege facts showing: (1) a conspiracy; (2) for the purpose of deriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Edwards v. Zeese*, No. 1:13-CV-29 (WLS), 2013 WL 1833271, at *2 (M.D. Ga. May 1, 2013). The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* However, "private actors may be liable for infringement of Fourteenth Amendment rights only through conspiracy with state actors in violation of 42 U.S.C. § 1985(3)." *Id.* Plaintiff has failed to plead any allegations showing an agreement between any defendant to deprive her of her constitutional rights. At best, Plaintiff alleges separate acts taken by individual defendants that, without more, do not amount to conspiracy. To properly plead a claim for conspiracy, a plaintiff must "plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actors(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Merely pointing to separate and discrete acts to show a conspiracy is not sufficient. Plaintiff must have alleged that there was a conspiracy, including whether Defendants

had an "agreement between the members of the alleged conspiracy" as required by law. *Evans v. Ga. Peace Officer Stds. & Training Council*, No. Civ.A.1:05CV2579-RLV, 2006 WL 870335, at *4 (N.D. Ga. March 29, 2006). There are decidedly no factual allegations to support that any of the individual defendants had a conspiracy with any of the state-actor defendants. As such, Plaintiff's claims under § 1985 must be **DISMISSED**.

## CONCLUSION

Accordingly, upon review of Plaintiff's Recast Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** it **with prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 12th day of September, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**